UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:06-CR-00103(7) |
| v. | **OPINION AND ORDER** |
| CORNELIUS EDRINGTON. | |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docs. 611, 619, 620), the Government's Response (doc. 621), and Petitioner's Reply (doc. 626). In March 2011, the Court found it appropriate for the record to be developed with affidavits from Petitioner's counsel (doc. 630). The government submitted a supplemental Response (doc. 634), and Petitioner filed a supplemental Reply (doc. 635). Petitioner has also moved the Court for appointment of counsel (doc. 628), and for leave to proceed <u>in forma pauperis</u> (doc. 629). For the reasons indicated herein, the Court DENIES all of Petitioner's motions.

**I. Petitioner's Motion to Vacate**

The Court sentenced Petitioner to 140 months in prison on November 21, 2007, for his role in a cocaine conspiracy (doc. 508). His appeal was rejected on September 9, 2009 (doc. 585). On August 8, 2010, Petitioner filed the instant <u>pro se</u> Motion to Vacate under 28 U.S.C. § 2255 (doc. 611), contending he received ineffective

assistance of counsel from trial counsel and appellate counsel (doc. 611). Petitioner waived his attorney client privilege (doc. 633), so as to enable the Court to evaluate statements of his counsel. The government submitted an affidavit of William P. Whalen Jr., Petitioner's trial counsel, and a declaration of Gary W. Crim, Petitioner's appellate counsel (doc. 634), and argues that Petitioner's claims for ineffective assistance of counsel are lacking in merit. Petitioner withdraws his claim regarding appellate counsel, but maintains that his trial counsel failed to investigate his case adequately, which resulted in a firearm enhancement and attribution to Petitioner of the entire drug quantity of the conspiracy (doc. 635).

Record-based claims that could have been, but were not, raised on direct appeal may not be reviewed in a Section 2255 proceeding unless the Petitioner demonstrates cause for and prejudice from his failure to present them on appeal. United States v. Frady, 456 U.S. 152, 167-168 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). In his petition, in an attempt to defeat the waiver of these issues, Petitioner alleges ineffective assistance of counsel as "cause" for his failure to assert his grounds for relief at sentencing and on appeal. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review has remained limited. United States v. Addonizio, 442 U.S. 178, 184-187 (1979). An error of law does not

2

provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test that a defendant must satisfy to establish his counsel's assistance was so deficient as to amount to a constitutional violation requiring reversal of the conviction or sentence. In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate: (1) his counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the trial result. Strickland, 466 U.S. at 687. Under the first prong of the Strickland test, Petitioner must demonstrate his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. Id. at 689. In determining whether counsel's performance was deficient, the Court must indulge a strong presumption that

3

counsel's conduct fell within the wide range of reasonable professional assistance. Id. Under the second "prejudice" prong of the Strickland test, the focus is on whether counsel's deficient performance affected the outcome of the plea process or sentencing proceeding. In the context of the plea proceedings, Petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Sparks v. Sowders, 852 F.2d 882, 883 (6th Cir. 1988). In the context of the sentencing proceeding, Petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

**A. Petitioner's Claim Of Ineffective Assistance of Counsel (Grounds 1,2 & 3) For Failure To Investigate the Case and Raise a Sentencing Objection**

Petitioner's assertions in the affidavit he filed with his motion are in conflict with his in Court statements under oath at the time of his plea. He told the Court that he understood the charge; that he had told his lawyer every thing he knew about the case; that his lawyer was fully aware of all the facts on which the charge was based; that he had discussed defenses that he might have had to the charge; and that he was satisfied with the advice he received from his attorney (doc. 562). He stated that he understood the plea agreement and that by signing it he admitted to

being responsible with his co-defendant for distributing more than five kilograms of cocaine (Id.). The statement of facts was read to the Court and Petitioner acknowledged that it was true and that he was guilty of the offense (Id.). The affidavit of his attorney, Mr. Whalen, (doc. 634), confirms that Whalen made three separate trips to the Grant County Jail where Petitioner was being held to go over and discuss the discovery materials. In any event, even if it were true that Petitioner did not receive discovery materials he has failed to demonstrate how he was prejudiced. Contrary to Petitioner's assertion, trial counsel argued for a role reduction and gave the Court other arguments as to why Petitioner should have received a lesser sentence. Counsel filed an extensive sentencing memorandum supporting his arguments. Although no formal objection was made to the firearm enhancement, Petitioner was given the opportunity at the sentencing hearing to argue why it should not apply. The Court, after hearing arguments, overruled the objection (doc. 563). Because the Court heard the objection Petitioner made to the firearm enhancement he has not demonstrated how he was prejudiced in any way. The objection was made and overruled. The Court sees no evidence that Petitioner's Counsel's representation fell below an objective standard of reasonableness or that Petitioner was prejudiced by ineffective assistance.

**B. Petioner's Argument that Appellate Counsel was Ineffective For Failing to Raise the Firearm Enhancement Claim**

Although Petitioner appears to have withdrawn his claim regarding appellate counsel, the Court finds it appropriate to analyze such claim. Counsel's declaration shows that he made a strategic decision not to pursue the gun enhancement issue on appeal (doc. 634). Strategic decisions made by counsel that are within the broad range of professional performance should not be second guessed. As the government has argued, in any event, because such claim was not raised on appeal, it has been waived. Petitioner simply has not demonstrated that the result of his appeal would have been different or that his sentencing or appeal contained "a fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962).

**II. Petitioner's Subsequent Motions**

Petitioner has also moved for appointment of counsel and for leave to proceed in forma pauperis. The Court declines to grant either motion, as it has been able to rule on the merits of this matter based on the record, and because the files and the records of this case conclusively show Petitioner is not entitled to relief, no evidentiary hearing is required. Green v. United States, 65 F.3d 546 (6th Cir. 1995).

## III. Conclusion

Having reviewed this matter, the Court finds Petitioner's motion to vacate his sentence lacking in merit. Even if Petitioner's claims in his affidavit are true, he has not demonstrated how he was prejudiced or that absent the claimed ineffectiveness of counsel the result would have been different. Nor has Petitioner demonstrated how his Counsel's representation resulted in a complete miscarriage of justice.

Accordingly, the Court DENIES Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docs. 611, 619, 620), DENIES Petitioner's Motion for Appointment of Counsel (doc. 628), and DENIES Petitioner's Motion for Leave to Proceed In Forma Pauperis (doc. 629). The Court DISMISSES this matter from the docket.

SO ORDERED.

Dated: January 10, 2012        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge